Todd A. Lyon, Bar No. 076706
tlyon@fisherphillips.com
Erik Laiho, Bar No. 231027
elaiho@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue
Suite 4040
Portland, Oregon 97204
Telephone:    (503) 242-4262
Facsimile:    (503) 242-4263

Attorneys for Plaintiff
Kaiser Foundation Health Plan of the Northwest

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 555,<br><br>        Defendant. | Case No.   3:25-cv-00085<br><br>COMPLAINT AND PETITION TO VACATE ARBITRATION AWARDS |

**Nature of the Action**

1.

Plaintiff Kaiser Foundation Health Plan of the Northwest ("Kaiser") brings this action pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185 *et seq.*; the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201; and for rescission against Defendant United Food and Commercial Workers, Local 555 ("UFCW") to set

Page 1 -    COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

aside and vacate arbitration awards issued under the Collective Bargaining Agreement ("CBA") between Kaiser and UFCW.

## Jurisdictional Allegations

2.

This Court has jurisdiction over this lawsuit pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331 because the claim arises under federal law.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391 (b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## General Factual Allegations

4.

Kaiser Permanente is an integrated health care system, composed of many separate but closely cooperating organizations, providing patient care in eight states and the District of Columbia. Kaiser, the Employer as identified in this Complaint, refers to the non-profit, public-benefit corporation that contracts with individuals and groups to provide HMO and other health benefit plans in the Pacific Northwest. It covers a geographic area from Longview, Washington to Eugene, Oregon and directly employs many employees that provide care at Kaiser Permanente's hospitals, clinics and other healthcare operations in this geographic area.

\\
\\
\\

5.

Page 2 -     COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

UFCW is a labor union, and it is the registered representative of the Imaging Services Bargaining Unit employees of Kaiser. UFCW was a party to the CBA and the arbitration that are the subjects of this Complaint.

6.

Kaiser and UFCW were parties to a CBA effective November 1, 2021, to September 31, 2023 (the "CBA"). Kaiser and UFCW bargained a successor contract, providing substantial wage increases. The wage increases were expressed as percentage increases applied to wage rates in effect at the time those increases were bargained. Those wage rates and percentage increases were agreed to on April 13, 2024 when the Parties ratified a successor collective bargaining agreement with effective dates of October 1, 2023, to September 30, 2027 ("Successor Agreement"). This Successor Agreement was reached before the arbitration decision that is the subject of this Complaint. The Successor Agreement was not the subject of, or introduced into evidence in, the arbitration that is the subject of this dispute.

7.

In February 2001, UFCW and Kaiser entered into a Letter of Understanding ("LOU"), which stated "[t]he Parties agree to jointly participate in a wage survey and/or review commercially available wage data in July 2001 and each year of the Agreement thereafter, which would be considered before implementing the wage and equity adjustments for the year 2001 and subsequent years." This LOU has been incorporated by reference in all subsequent CBAs.

\\
\\
\\
\\

Page 3 -   COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

8.

In the years between 2001 and 2009, Kaiser and UFCW agreed, on a few occasions, to implement mid-contract wage adjustments for some Imaging employees. No mid-contract wage adjustments were made after 2009 pursuant to the LOU.

9.

In April 2022, UFCW demanded that Kaiser participate in a wage survey "in accordance with the LOU regarding Wages Review."

10.

Kaiser did not agree that it was obligated to engage in a wage review pursuant to the 2001 LOU, but it met with UFCW representatives several times during 2022 to review comparable wage data and discuss Imaging employee's wages. Kaiser considered the Union's wage data, but ultimately, determined that no mid-contract wage adjustment was required or warranted.

11.

On or about December 15, 2022, UFCW served a collective action grievance on Kaiser pursuant to the CBA *i.e.*, the 2021-2023 CBA (not the Successor Agreement, which was not yet in existence), asserting that Kaiser had failed to engage in a wage survey and make wage adjustments as required by the LOU. Kaiser denied the grievance, and the parties proceeded to arbitration after exhausting the preliminary grievance steps.

12.

An arbitration hearing was held before Arbitrator Jonathan S. Monat, Ph.D. on April 2, 2024.[1] The issue presented was:

> Did the employer violate the 2021 to 2023 imaging services collective bargaining agreement, including the letter of

---

[1] The parties reached a tentative agreement on the CBA on April 4, 2024.

Page 4 -    COMPLAINT

understanding regarding wages review, in 2022 when it failed to jointly participate in a wage survey and/or review commercially available wage data and implement equity adjustments based on that data? If so, what is the appropriate remedy?

13.

The Arbitrator's authority was limited to the CBA between the parties. This CBA specifically provides that:

> The jurisdiction and authority of the Arbitrator shall be confined exclusively to the application or interpretation of a specific provision or provisions of the Agreement at issue between the parties. The Arbitrator shall not have the right to alter, amend, delete or add to any of the terms of this Agreement….

After receiving testimony and evidence, Arbitrator Monat issued Findings and Award on July 11, 2024. His Award states:

> The grievance is sustained. Kaiser violated the local LOU when it failed to jointly review local wages mid-contract in 2022. The remedy shall be as stated in the last above paragraph. The Arbitrator will retain jurisdiction for the purpose of implementing the remedy.

14.

The remedy was stated as follows:

> The Union is entitled to a remedy for the Employer's violations of the LOU. The parties are directed to conduct a mid-contract joint review with Union's 2022 local wage survey to determine the top of the market at the time the review would have been completed. Upon completion of this review, Kaiser will make necessary wage and equity adjustments. To the extent Kaiser wages in question in this grievance were below the Portland area market, Kaiser shall adjust affected employees' wage rate to bring them into line with the to the top of the market as of October 2022 for the period ending October 1, 2023. The review must be completed within 90 days. The Arbitrator shall retain jurisdiction for the sole purpose of the remedy.

\\

\\

Page 5 -    COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

15.

After the Award was issued, the Parties sought clarification from Arbitrator Monat on two separate occasions. First, on October 14, 2024, Arbitrator Monat issued a clarification stating that the Award required that Kaiser adjust affected employees' wage rates to the top of the market as of October 2022 for the period ending October 1, 2023, and the "top of the market" meant the top rates paid to comparable imaging employees in the local market.

16.

Between October and December 2024, Kaiser paid Imaging employees backpay via a lump sum equal to the difference between their existing wage rate and the "top of the market" rate for hours worked for the period of October 1, 2022 to October 1, 2023.

17.

Second, on December 30, 2024, Arbitrator Monat issued an Award requiring Kaiser to interpreting the wage increase provisions of the Successor Agreement to require Kaiser to pay more than the parties agreed to and implemented following a strike in prior to April, 2024. The Successor Agreement was not before Arbitrator Monat in the arbitration. He was not authorized or engaged to interpret it, and it was not introduced into evidence. Indeed, the Successor Agreement was ratified on April 13, 2024, after the grievance forming the basis for his jurisdiction was filed, and after lengthy strike in which wage increases were the primary source of contention. Moreover, if the arbitrator had in fact any jurisdiction and taken evidence on the interpretation of the successor agreement, it would have been demonstrated that that the basis for the Arbitrator's decision on the 2021-2023 CBA no longer applied, in part because the Union voluntarily withdrew from the labor management partnership with Kaiser that formed the essence of the Arbitrator's decision.

Page 6 -    COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

18.

The effect of the December 30 ruling would be to make the Kaiser Imaging employee's pay several percentage points higher than the "top of the market" (ten to fourteen percent higher) which would change the agreed-upon terms of the Successor Agreement on the negotiated issue of wages. Indeed, had the wages been at the rates directed by the Arbitrator going into the negotiations for the 2024 CBA, the Employer would never have agreed to pay many employees approximately 14% above the then-existing wage rates.

## First Claim for Relief

## LMRA

19.

Plaintiff realleges paragraphs 1 through 18 above as fully set forth herein.

20.

The Arbitrator exceeded the scope of the issues submitted to him, and issued an award which did not draw its essence from the CBA, by adding an obligation to not only conduct a wage survey, but to implement wage increases at the "top of the market" despite the lack of any contractual obligation to do so.

21.

The Arbitrator further exceeded the scope of the issues submitted to him, and issued an award which did not draw its essence from the CBA, by ordering Kaiser to further increase wages beyond the "top of the market" when he ruled that the retroactively imposed wage rate increase became the status quo from which previously negotiated wage increases under a successor collective bargaining agreement must be based. In so doing, the Arbitrator improperly altered, amended, or add to the terms of this Agreement.

Page 7 -     COMPLAINT

**FISHER & PHILLIPS LLP**
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

**Second Claim for Relief**

**Rescission – Mutual Mistake of Fact**

22.

Plaintiff realleges paragraphs 1 through 21 above as fully set forth herein.

23.

At the time the Parties negotiated the wage increases for Imaging employees, which were ultimately ratified in the 2023-2027 successor collective bargaining agreement, both Parties understood the wages to which the negotiated percentage increases would be applied were the wages in effect at that time.

24.

Arbitrator Monat's decision, retroactively increasing Imaging employee's wages to the "top of the market" was issued after the Parties had already agreed to the percentage increases found in the 2023-2027 collective bargaining agreement.

25.

The wages from which the percentage increase was to be applied was a material fact about which both parties had a mutual understanding at the time of negotiation and ratification – namely that wages would be increased on a percentage basis from the rate then in effect.

26.

UFCW has contended that its intent when negotiating the LOU was that Imaging employees' wages be at the top of the market. It has not contended that its, or Kaiser's, intent was for those wages to be more than the top of the market. To the extent Arbitrator Monat was correct Awarding top of the market wages as the status quo, both parties were mistaken at the time the

Page 8 -     COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

2023-2027 collective bargaining agreement was negotiated and ratified as to those wages, meaning the Parties did not have a meeting of the minds as to this material term.

27.

Kaiser did not assume the risk of this mutual mistake of fact.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that:

1. The Court declare, pursuant to the LMRA and FAA, that Arbitrator Monat exceeded the scope of the issues submitted to him, and issued an award which did not draw its essence from the CBA, by finding that Kaiser violated the LOU and was required to retroactively implement a wage increase to the "top of the market" and vacate the July 11, 2024, October 14, 2024 and December 30, 2024, Awards;

2. In the alternative, that the Court declare, pursuant to the LMRA, that Arbitrator Monat exceeded the scope of the issues submitted to him, and issued an award which did not draw its essence from the CBA, by finding that the retroactive wage increase was the status quo from which previously negotiated wage increases were to be taken, and vacate the December 30, 2024, Award;

3. In the alternative, that the Court enter a judgment rescinding the wage increases for Imaging employees embodied in the 2023-2027 collective bargaining agreement based on mutual mistake of fact;

\\
\\
\\

Page 9 -     COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1

4.  Reasonable costs, disbursements, and attorney fees; and

5.  For such other and further relief as the Court may deem just and equitable.

Dated this 16th day of January 2025,    FISHER & PHILLIPS LLP

By: */s/Todd A. Lyon*
Todd A. Lyon, Bar No. 076706
tlyon@fisherphillips.com
Erik Laiho, Bar No. 231027
elaiho@fisherphillips.com

Page 10 -    COMPLAINT

FISHER & PHILLIPS LLP
111 SW FIFTH AVENUE, SUITE 4040
PORTLAND, OREGON 97204
(503) 242-4262

FP 53478204.1