IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HOSPITALS, | Case No.: 3:25-cv-00085-AN |
| Plaintiffs and Cross-Respondents, v. | ORDER |
| LOCAL 555 UNITED FOOD AND COMMERCIAL WORKERS, | |
| Defendant and Cross-Petitioner. | |

Following the Court's order on cross-motions for summary judgment, the parties jointly requested appointment of a special master to oversee the calculations of backpay owed by plaintiffs to the affected employees and related discovery. *See* Joint Status Rep. of Apr. 17, 2026, ECF 44. The parties provided additional details regarding the appointment of a special master at a status conference and in a subsequent joint status report. *See* Minutes of Proceedings of May 21, 2026, ECF 46; Joint Status Rep. of June 12, 2026, ECF 49. The parties jointly requested the appointment of the Honorable Julie Frantz, and Frantz supplied an affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3). *See* Aff. of Julie Frantz, ECF 52.

Based on the parties' joint filings and representations, the Court finds:

1. The parties have been given notice and an opportunity to be heard regarding all aspects of the appointment of a special master;

2. The parties have consented to a Special Master performing the following duties: (a) Oversee the accounting and calculations of back pay owed by plaintiffs pursuant to the Court's Opinion & Order enforcing Arbitrator Monat's Findings & Award, First Supplemental F&A, and Second Supplemental F&A, ECF 43; (b) Oversee the production

1

of employment records relevant to such calculations and resolve discovery disputes that arise in the course of such productions; (c) Review and consider the parties' proposed methodologies and calculations and respective responses thereto; and (d) Produce a Final Report outlining the recommended methodology and making factual findings regarding the amount of back pay owed;

3. Because the Final Report and Record are expected to include individual employee pay data and proprietary business information, there are compelling reasons to file such documents under seal;

4. The parties have consented to the appointment of retired Multnomah County Circuit Court Judge Julie Frantz;

5. There are no known grounds for disqualifying Frantz under 28 U.S.C. § 455; and

6. The appointment of a Special Master in this case is appropriate in light of the parties' consent and the need to resolve a difficult computation of damages.

Therefore, pursuant to Federal Rule of Civil Procedure 53, the Court Orders:

1. Retired Multnomah County Circuit Court Judge Julie Frantz shall be appointed as Special Master;

2. The Special Master's duties shall be those that the parties consented to, identified above, and the Special Master is directed to proceed with all reasonable diligence in the performance of such duties;

3. Pursuant to Rule 53(b)(2)(C), the nature of materials to be preserved and filed as the Record of the Special Master's activities are payroll and employment records, communications between the parties and the Special Master, submissions by the parties to the Special Master, any discovery orders made by the Special Master and filings related thereto, the Special Master's Final Report including but not limited to the dollar amount of back pay owed to current and former employees, and the Special Master's methodology for

2

calculating the judgment and any prejudgment interest awarded pursuant to the Court's ruling on defendant's forthcoming motion;

4. To the extent that the Special Master's work is not complete by November 2, 2026, the Special Master shall file a report on that date and every 90 days thereafter appraising the Court of the progress toward completion of the duties described herein. The Special Master shall file the Record described above with the Final Report, and both shall be filed under seal unless all parties consent to complete or partial public filing;

5. A party may file objections to the Special Master's Final Report within 21 days of the Final Report being filed with the Court. Pursuant to the parties' stipulation and Rule 53(f)(3)(A), the Special Master's factual findings will be reviewed for clear error. Legal conclusions will be reviewed de novo.

6. Pursuant to the parties' stipulation and Rule 53(b)(2)(C), the Special Master's reasonable fees shall be split equally between the parties and paid directly by the parties. Nonetheless, the Court may determine if those fees should be allocated to one party or another pursuant to the Court's decision on a party's post-judgment motion for fees and costs, or as a function of the Court's inherent authority under Rule 53(g) to set a new basis and terms after giving notice and an opportunity to be heard.

IT IS SO ORDERED.

DATED this 6th day of August, 2026.

Adrienne Nelson
United States District Judge